Lafourche Parish Clerk of Court  C-142291
Filed Feb 22, 2021 11:08 AM        C
Jada Breaux
Deputy Clerk of Court

17th JUDICIAL DISTRICT COURT FOR THE PARISH OF LAFOURCHE
STATE OF LOUISIANA

NO.                                                                                           DIVISION

### DR. KERI TURNER

### VERSUS

### BOARD OF SUPERVISORS OF THE
### UNIVERSITY OF LOUISIANA SYSTEM
### AND STEVEN H. KENNY, JR.

FILED: _____                    DEPUTY CLERK:_____

### PETITION FOR DAMAGES –VIOLATION OF THE LOUISIANA HANDICAP DISCRIMINATION LAW LA. R.S. 23:301 ET SEQ., THE LOUISIANA WHISTLEBLOWER STATUTE R.S. 23:967 AND THE FAMILY AND MEDICAL LEAVE ACT 29 USC §§ 2601 ET SEQ.

#### INTRODUCTION

This action is brought to vindicate Plaintiff's rights under the Louisiana Handicap Discrimination Law, R.S. 23:301 et seq. for failure to accommodate and for retaliation. It is also brought to vindicate her rights under the Louisiana Whistleblower Statute, R.S. 23:967 and the Family and Medical Leave Act 29 USC §§ 2601 et seq.

#### PARTIES

1. Dr. Kerri Turner (Dr. Turner, or Plaintiff) is a natural person of the full age of majority and a resident and domiciliary of the Parish of Lafourche.

2. Made Defendant is the Board of Supervisors of the University of Louisiana System (Defendant, or the "Board"), which is mandated to exercise all power to direct, control, supervise and manage the Nicholls State University located in Thibodaux, Louisiana (the University). The Board is a public corporation appointed by the Governor of the State of Louisiana which is charged with governing the constituent campuses of the University of Louisiana system, of which Nicholls State University is a part.

3. Made Defendant is Steven H. Kenny, Jr., a natural person of the full age of majority and a resident and domiciliary of the Parish of Lafourche.

1

Certified True and
Correct Copy
CertID: 2021022300246

Jada Breaux
Lafourche Parish
Deputy Clerk of Court

Generated Date:
2/23/2021 2:59 PM

**JURISDICTION AND VENUE**

4. The jurisdiction of this Court arises from the 1974 Constitution of the State of Louisiana, Article V and the United States Constitution, Art. VI, cl. 2.

5. Venue is proper because the facts which are the basis of this lawsuit arose in the Parish of Lafourche, the harms and losses suffered in this lawsuit were suffered in the Parish of Lafourche and the witnesses and papers pertinent to this lawsuit are to be found in the Parish of Lafourche.

**FACTS**

6. Dr. Turner was employed as a tenured Associate Professor of English Languages and Literature and grant writer for Defendant for approximately twenty years. Her advanced degrees are focused in Linguistics and Rhetoric.

7. Beginning in approximately 2010 Dr. Turner was diagnosed by her treating physician, Dr. Charles Monier with Irritable Bowel Syndrome (IBS). IBS is a chronic condition which affects the large intestine. Symptoms and manifestations of this condition include, without limitation, sudden onset of diarrhea, unexplained and unexpected vomiting, difficulty swallowing and iron deficiency anemia. IBS interfered with Plaintiff's ability to concentrate, ability to leave her house, ability to be in public places, among other limitations.

8. Early in the Fall semester of 2017 Dr. Turner began experiencing symptoms of IBS with increased frequency. While the symptoms were inconvenient and sometimes distressing, Dr. Turner was able to fulfill her instructional and administrative tasks in a satisfactory manner and perform all the essential tasks of her job.

9. By the Spring semester of 2018 the symptoms had progressed to the point Dr. Turner found it necessary to take sick leave. Dr. Turner's occasional absence from the classroom and her sick leave placed additional administrative responsibilities and tasks upon the Chair of the English Department, Dr. Ellen Barker (Dr. Barker). Dr. Turner requested permission to teach remotely and by alternate means, but her request was refused by Dr. Barker. Instead of accommodating Dr. Turner, Dr. Barker removed her from her on campus courses. Steven H. Kenny, Jr, Vice President and Director of Human Resources at Nicholls State (Mr. Kenny, or Kenny) then informed Dr. Turner that if she did not take FMLA she would lose her

2


Certified True and Correct Copy
CertID: 2021022300246

Lafourche Parish
Deputy Clerk of Court

Generated Date:
2/23/2021 2:59 PM

job.

10. In August of 2018 Dr. Barker recommended that Plaintiff be terminated, in part because of her inability to attend and conduct in-person classes. The real reason Dr. Barker wished to terminate Plaintiff was because Plaintiff's occasional absences from the classroom and her request to teach online classes exclusively made her administrative tasks more difficult and time consuming.

11. Dr. Turner appealed to the University Tenure Revocation Committee in the Fall of 2018. A hearing was held in February of 2019. The Committee members consisted of tenured academic faculty at the University. It voted 4-2 to reject Dr. Ellen Barker's dismissal recommendation. The Committee furthermore recommended that Dr. Turner teach only online courses.

12. In March of 2019 Plaintiff made a request for accommodation for her disability to Steven Kenny, Vice President and Director of Human Resources at Nicholls State. Plaintiff's treating physician Dr. Monier completed the required ADA paperwork particularly supporting Plaintiff's request to teach only online courses for Fall 2019 and Spring 2020. Dr. Monier indicated that Plaintiff's condition required that she teach from her home, and that she be given the status of "intermittent leave" under the Americans with Disabilities Act (ADA) which dispensed with the necessity to obtain separate medical permission for each medical absence.

13. On May 21, 2019 Vice President Steven Kenny, acting on his own authority, denied Plaintiff's request, stating that to allow Plaintiff to teach from home would work an "undue hardship" on the University. Mr. Kenny also, on his own authority, restrained Plaintiff from exercising her right to take intermittent leave under the FMLA which had been recommended and approved by her treating physician. Instead he mandated that Plaintiff's each and every medical absence be excused separately accompanied by a signed excuse from a health care professional. Kenny offered only that assigned classrooms would be located within close proximity to a restroom.

14. Dr. Turner charged Nicholls State University with disability discrimination on June 21, 2019, Equal Employment Opportunity Commission (EEOC) Charge Number 461-2019-01803.

3


Certified True and
Correct Copy
CertID: 2021022300246

Lafourche Parish
Deputy Clerk of Court

Generated Date:
2/23/2021 2:59 PM

15. When classes began in the Fall of 2019 Dr. Turner return to classroom teaching but increasingly suffered from IBS flareups, which necessitated her taking sick leave.

16. On or about September 14, 2019 Dr. Turner's EEOC Charge was sent to Nicholls State University for their response.

17. On Monday, September 30, 2019 Dr. Turner was in class getting ready to take roll when she was called into the hallway by an assistant dean. That official ordered Dr. Turner to leave the classroom immediately and later dismissed Dr. Turner's class. Dr. Turner was thereafter ordered to meet with the University President the that same morning at 9:00 AM.

18. At the meeting referenced in paragraph 16, University President Jay Clune informed Turner that she would be forbidden to teach any longer, that she was reassigned to 25 hours of tutoring in the writing center and 15 hours of research in her office. President Clune demanded that Dr. Turner either write a letter of resignation that same day or be terminated once again, on the spot. Dr. Turner complied and wrote the resignation letter informing the University of her tentative intention to retire at the end of the 2019-2020 academic year. The University acknowledged Dr. Turner's letter and also, by that same letter, acknowledged Dr. Turner's right to rescind her retirement at any time.

19. Dr. Turner's physicians, Dr. Monier and her family physician Dr. Chester Boudreaux had each determined that the University's refusal to accommodate Dr. Turner's medical needs put her physical health and her mental well-being at needless risk and had so advised Dr. Turner to disassociate herself from her job situation if it failed to improve substantially.

20. Dr. Turner was not willing to retire. She was fifty-eight years of age and had not as yet saved enough or contributed enough money into her Teachers Retirement System of Louisiana (TRSL) account to permit her to retire comfortably.

21. For the remainder of the 2019-2020 academic year Dr. Turner sought ways to appeal her treatment at the hands of the University to the Board of Supervisors of the University of Louisiana System, in her continuing attempt to be accommodated for her disability and be returned to teaching.

22. Despite continued efforts on her part, her requests continued to be denied by the

4


Certified True and Correct Copy
CertID: 2021022300246

Lafourche Parish
Deputy Clerk of Court

Generated Date:
2/23/2021 2:59 PM

University administration. On or about May 15, 2020 Dr. Turner finally concluded that the UL System would not act to accommodate her disability. She heeded the advice of her treating physicians and retired on that day.

## CAUSE OF ACTION: VIOLATION OF LOUISIANA R.S. 23:322 et seq.

23. Dr. Turner was a qualified person with a disability, as defined by Louisiana law.

24. Defendant employed Dr. Turner, was subject to the Louisiana Disability Law and knew of her disability.

25. Dr. Turner was denied a reasonable disability accommodation by Defendant without sufficient legal justification or excuse.

26. Because Defendant failed to provide Dr. Turner with reasonable accommodation for her physical disability she reluctantly, on the advice of her treating physicians, resigned her employment on May 15, 2020, knowing that if she did not resign on that date she would have been terminated.

## CAUSE OF ACTION: VIOLATION OF THE LOUISIANA WHISTLEBLOWER STATUTE R.S. 23:967.

27. Defendant took reprisal against Plaintiff by constructively terminating her employment because she engaged in protected activity, an act illegal under Louisiana disability law, and for providing information to the EEOC about Defendant's workplace acts and practices which were in violation of state law.

## CAUSE OF ACTION: VIOLATION OF THE FAMILY AND MEDICAL LEAVE ACT 29 USC §§ 2601 ET SEQ.

28. Steven H. Kenny, Jr., acting on his own authority, violated § 2615(a)(1) of the Family and Medical Leave Act and 29 C F R § 825.220(b) when he prohibited and restrained Plaintiff from taking intermittent FMLA leave, when she was recommended to do so by her treating physician and was entitled to do so by law.

29. As a result of Kenny's violation of the FMLA Plaintiff was forced to return to classroom teaching in the Fall of 2019 and this resulted in her illness worsening and the consequential events which are set forth above, at paragraphs 14 through 22 which ultimately led to Plaintiff losing her job.

### DAMAGES

30. As a result of Defendant's violation of Louisiana law and the FMLA, Plaintiff has


Certified True and Correct Copy
CertID: 2021022300246

Lafourche Parish
Deputy Clerk of Court

Generated Date:
2/23/2021 2:59 PM

experienced harms and losses which include, but are not limited to: loss of back pay; loss of front pay; loss of professional reputation; emotional upset; pain and suffering; hedonic damages and other harms and losses which will be proven with greater specificity at time of trial.

## PRAYER FOR RELIEF

Wherefore, Plaintiff Dr. Keri Turner prays that this, her Petition for Damages, be cited and served on Defendants, the Board of Supervisors of the University of Louisiana System and Steven H. Kenny, Jr. and that they be required to answer same; that after due proceeding had, that judgment be rendered for Plaintiff and against Defendants for an amount supported by the evidence, for such additional equitable relief as is deemed appropriate, proper and just by this Court and for reasonable attorneys' fees and costs for bringing this action as provided by law.

Respectfully submitted,
LAW OFFICE OF DALE EDWARD WILLIAMS

Dale E. Williams, Bar #18709
212 Park Place
Covington, Louisiana 70433
Telephone: (985) 898-6368
Facsimile: (985) 892-2640

**SHERIFF PLEASE SERVE:**

The Board of Supervisors of the University of Louisiana System
Through the Louisiana Attorney General
1885 N. 3rd St.
Livingston Bldg., 6th floor
Baton Rouge, LA 70802

Steven H. Kenny, Jr., personally
At his place of business
179 Elkins Hall
Nicholls State University
Thibodaux, LA 70310


Certified True and Correct Copy
CertID: 2021022300246

Lafourche Parish
Deputy Clerk of Court

Generated Date:
2/23/2021 2:59 PM

## VERIFICATION

The information contained in the above Petition is true and correct to the best of my knowledge and belief.

_____
Keri Turner, Ph.D.

7


Certified True and
Correct Copy
CertID: 2021022300246


Lafourche Parish
Deputy Clerk of Court

Generated Date:
2/23/2021 2:59 PM