```
                  UNITED STATES DISTRICT COURT
                  EASTERN DISTRICT OF LOUISIANA


KERI TURNER                                       CIVIL ACTION

v.                                                NO. 21-664

BOARD OF SUPERVISORS OF THE                       SECTION "F"
UNIVERSITY OF LOUISIANA SYSTEM, ET AL.
```

ORDER AND REASONS

Before the Court is Keri Turner's motion to strike the defendants' first and second affirmative defenses invoking qualified immunity and sovereign immunity. For the reasons that follow, the motion is DENIED as moot.

**Background**

This litigation arises from a former tenured associate professor's claims that Nicholls State University Vice President and the Board of Supervisors of the University of Louisiana System forced her to retire and failed to accommodate her disability in retaliation for taking leave and filing a complaint for disability discrimination.

For 20 years, Dr. Turner was a tenured Associate Professor of English Languages and Literature and a grant writer for Nicholls

1

State University in Thibodaux, Louisiana.[1]  In 2010, she was diagnosed with Irritable Bowel Syndrome, which interfered with her ability to concentrate, leave her house, and be in public places.[2] Early in the Fall semester of 2017, Dr. Turner's IBS symptoms increased in frequency, but she was nevertheless able to fulfill her instructional and administrative tasks in a satisfactory manner.  By Spring 2018, her symptoms progressed, and Dr. Turner to sick leave.  Her occasional absence from the classroom and from her administrative duties placed additional responsibilities on Dr. Ellen Barker, the Chair of the English Department.  Dr. Barker denied Dr. Turner's request to teach remotely and removed Dr. Turner from her on-campus courses.  Nicholls State Vice President and Direct of Human Resources, Steven H. Kenny, Jr., then informed Dr. Turner that she would lose her job if she did not take FMLA leave.

In August 2018, Dr. Barker recommended that Dr. Turner be terminated, in part because of her inability to attend and conduct in-person classes.  The true reason Dr. Barker wished to terminate Dr. Turner, it is alleged, was because Dr. Turner's occasional

---

[1] The Court takes as true the allegations of the amended complaint for the purposes of the pending motion.
[2] IBS symptoms include, among others, sudden onset of diarrhea, unexplained and unexpected vomiting, difficulty swallowing, and anemia.

absences from the classroom and her request to teach online classes created administrative burdens for Dr. Barker. Dr. Turner appealed to the University Tenure Revocation Committee, and a hearing was held in February 2019. The Committee voted 4-2 to reject Dr. Barker's dismissal recommendation and the Committee recommended that Dr. Turner teach only online courses.

The next month, with the requisite ADA paperwork from her treating physician in hand, Dr. Turner requested accommodation for her IBS disability to Mr. Kenny; specifically, her doctor supported her request to teach only online courses for Fall 2019 and Spring 2020. Mr. Kenny denied Dr. Turner's request. Allowing her to teach from home would work an "undue hardship" on the University, he said in May 2019. Mr. Kenny also refused to permit Dr. Turner to take intermittent leave under the FMLA; instead, he required that each medical absence must be separately excused and separately accompanied by an excuse signed by a healthcare professional. Mr. Kenny offered that assigned classrooms would be located in close proximity to a restroom.

On June 21, 2019, Dr. Turner filed an EEOC complaint against Nicholls State, charging disability discrimination. Meanwhile, Dr. Turner returned to the classroom to teach the Fall 2019 semester, but she increasingly suffered IBS flareups, causing her

3

to take sick leave.  On September 14, 2019, Dr. Turner's EEOC Charge was sent to Nicholls State University for their response.  Two weeks later, Dr. Turner was in class preparing to take roll when she was called into the hallway by an assistant dean.  The assistant dean ordered her to leave the classroom immediately and dismissed Dr. Turner's class.  Dr. Turner was ordered to meet with the University President that morning at 9:00 a.m., at which time President Jay Clune forbade Dr. Turner from teaching and reassigned her to 25 hours of tutoring in the writing center and 15 hours or research in her office.  Clune demanded that Dr. Turner either resign or be terminated on the spot.  Dr. Turner opted to resign; she wrote the resignation letter, informing the University of her intention to retire at the end of the 2019-20 academic year.  The University acknowledged the letter and acknowledged her right to rescind her retirement at any time.

   Dr. Turner alleges that the meeting and ultimatum was retaliatory.  She alleges that her physicians have determined that the University's refusal to accommodate her medical needs put her health at risk.  Just 58 years old, Dr. Turner was not willing to retire.  She had not yet saved enough or contributed sufficient funds to her Teachers Retirement System of Louisiana account to do so comfortably.

4

For the remainder of the 2019-20 academic year, Dr. Turner attempted to appeal this outcome as she continued to seek accommodation for her IBS and be returned to teaching.  But her continued efforts were thwarted by the University administration.  On May 15, 2020, convinced that the University would not accommodate her disability, Dr. Turner retired.

Dr. Turner sued the Board of Supervisors of the University of Louisiana System and Steven H. Kenny, Jr. in state court, alleging that the defendants violated her rights under the Family and Medical Leave Act, 29 U.S.C. 2601, et seq. and that they violated her rights under the Louisiana Handicap Discrimination law, La.R.S. 23:301, et seq. for failure to accommodate and for retaliation.[3]  Invoking the Court's federal question jurisdiction, the defendants removed the lawsuit to this Court.  The defendants promptly answered the complaint and the Court issued a scheduling order.  On July 23, 2021, the defendants filed an unopposed request for leave to file an amended answer and affirmative defenses (among the defenses advanced, the defendants invoked sovereign immunity and qualified immunity) with a jury demand; the motion was granted.  On August 16, 2021, the plaintiff filed a motion requesting leave to file an amended complaint; the unopposed motion was granted.

---

[3] Her whistleblower claim was later withdrawn when she filed an amended complaint.

5

The plaintiff now moves to strike the defendants' first and second affirmative defenses invoking qualified and sovereign immunity.

I.

Rule 12(f) allows the Court to strike "from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." A motion to strike is disfavored, "a drastic remedy to be resorted to only when required for the purposes of justice." Augustus v. Bd. Of Pub. Instruction of Escambia Cnty, Fla., 306 F.2d 862, 868 (5th Cir. 1962)(quoting Brown v. Williamson Tobacco Corp v. United States, 201 F.2d 819, 822 (6th Cir. 1953)). "Even when technically appropriate and well-founded, motions to strike are not [to] be granted in the absence of a showing of prejudice to the moving party." Abene v. Jaybar, LLC, 802 F. Supp. 2d 716, 723 (E.D. La. 2011)(Fallon, J.)(quoting 5C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1381 (3d ed. 2004)).

Given the "insufficient defense" language of the Rule, "a plaintiff desiring early resolution of an affirmative defense may [invoke Rule 12(f)] to strike it[.]" C&C Inv. Properties, L.L.C. v. Trustmark Nat'l Bank, 838 F.3d 655, 660 (5th Cir. 2016)(noting that, instead of Rule 12(f), "the parties can agree to file an early summary judgment motion without the need for full

discovery."). To prevail on a motion to strike an affirmative defense, a party must show that the affirmative defense is "insufficient as a matter of law." Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc., 677 F.2d 1045, 1057-58 (5th Cir. 1982).

## II.

The plaintiff moves to strike the defendants' fist and second affirmative defenses invoking qualified immunity and sovereign immunity. The plaintiff contends that the defendant Board voluntarily subjected itself to the jurisdiction of this Court, thus waiving the defense of sovereign immunity, and further contends that Mr. Kenny cannot raise the defense of qualified immunity as to the plaintiff's FMLA claims because he is considered the "employer" for FMLA purposes. The defendants counter that the plaintiff's recently-filed amended complaint renders their original Answer an inoperable pleading, thereby mooting the plaintiff's motion to strike it. If the defendants reassert these challenged defenses in their amended answer, then that is the appropriate time for the plaintiff to challenge them. Additionally, the defendants submit that motions to strike are highly disfavored such that where, as here, questions of law and fact are presented, striking a pleading is premature and improper;

7

resolution of the sufficiency of such defenses would be more reasonably addressed on the merits. The Court agrees.

The plaintiff has amended her complaint and the defendants are now entitled and required to answer or otherwise respond to the operative complaint.[4] For this reason alone, the plaintiff's request is moot. If the defendants advance the same affirmative defenses in their amended answer, and the plaintiff seeks to challenge those defenses again, the plaintiff should be mindful that motions to strike are disfavored and any renewed challenge should include supported reasons for why the defenses are insufficient as a matter of law.

Accordingly, the motion to strike is DENIED as moot.

New Orleans, Louisiana, September 13, 2021

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE

---

[4] In light of Hurricane Ida and its aftermath, the Court's General Order 21-12 automatically has extended the defendants' responsive pleading deadline.

8